UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEIR RASHON WATSON

           Plaintiff,

V.

CALHOUN COUNTY SHERIFF'S
SERGEANT JEFFERY C. WORDEN,
CALHOUN COUNTY CORRECTIONS
OFFICER JANE DOE, and CALHOUN
COUNTY CORRECTIONS OFFICER JOHN
DOE, in their Individual Capacities,

           Defendants.

Case No.:

Hon.

COMPLAINT & JURY DEMAND

---

**Andrew P. Abood (P43366)**
**Abood Law Firm**
Attorneys for Plaintiff, Keir R. Watson
246 East Saginaw Street, Suite 100
East Lansing, Michigan 48823
Ph.: (517) 332-5900
Fax: (517) 332-0700
E: andrew@aboodlaw.com

---

**PLAINTIFF'S COMPLAINT**

---

**NOW COMES** Plaintiff, KEIR RASHON WATSON, by and through his attorneys, Andrew P. Abood and the Abood Law Firm, and for his Complaint against the above-named Defendants, states as follows:

**INTRODUCTION**

1. This is an action for money damages against the above-named Defendants pursuant to 42 USC § 1983 and 42 USC § 1988, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan.

2. This action arises out of events occurring within the Calhoun County Jail, located in the City of Battle Creek, Calhoun County, State of Michigan.

3. Jurisdiction is proper under 28 USC § 1331, 1332, 1343, and 1367(a).

4. Venue is proper under 28 USC § 1391(b).

## PARTIES

5. Plaintiff KEIR RASHON WATSON ("Plaintiff") is a citizen of the State of Michigan and currently lodged at the Parnall Correctional Facility located in the City of Jackson, Jackson County, State of Michigan.

6. That on September 6, 2021, Plaintiff was a parole detainee at the Calhoun County Jail, located in the City of Battle Creek, Calhoun County, State of Michigan, and enjoyed all rights and privileges afforded to citizens of the State of Michigan and of the United States while detained therein.

7. Upon information and belief, Defendant JEFFERY C. WORDEN ("Defendant Worden") is a citizen of the State of Michigan, and at all times relevant to this litigation was employed as a Corrections/Sheriff's Sergeant by Calhoun County, State of Michigan, at the Calhoun County Jail, and is being sued in his individual capacity.

8. Upon information and belief, Defendant JANE DOE is a citizen of the State of Michigan, and at all times relevant to this litigation was employed as a Corrections Officer by Calhoun County, State of Michigan, at the Calhoun County Jail, and is being sued in her individual capacity.

9. Upon information and belief, Defendant JOHN DOE is a citizen of the State of Michigan, and at all times relevant to this litigation was employed as a Corrections Officer by

Calhoun County, State of Michigan, at the Calhoun County Jail, and is being sued in his individual capacity.

## COMMON FACTUAL ALLEGATIONS

10. That on or about September 6, 2021, Plaintiff was detained as a parole detainee at the Calhoun County Jail ("Jail").

11. That while being detained at the Jail, Plaintiff was placed into a five-point restraint chair by Jail staff for fear of self-harm.

12. That Plaintiff was placed into a five-point restraint chair inside an isolated cell, directly across from the Jail's booking desk.

13. That on information and belief, Plaintiff's cell door was kept open during his detainment, and the Jail's booking desk was staffed at the time.

14. That while being detained in the five-point restraint chair, Plaintiff was exhibiting obvious signs of mental illness.

15. That while detained in the restraint chair, Plaintiff dislodged his left arm from the left arm restraint, specifically because of the pain caused by the arm restraint being fastened too tight.

16. That after removing his left arm from the left arm restraint, Plaintiff attempted to dislodge his right arm from the right arm restraint due to the pain caused by that restraint being too tight, as well.

17. That as Plaintiff attempted to dislodge his right arm, Defendant Worden and Defendant Jane Doe entered Plaintiff's cell.

18. That Plaintiff advised Defendant Worden and Defendant Jane Doe the five-point restraints were fastened too tight.

19. That Defendant Worden refastened Plaintiff's left arm into the left arm restraint, to which Plaintiff advised the strap was again too tight.

20. Disregarding Plaintiff's complaint, Defendant Worden then attempted to refasten Plaintiff's right arm restraint.

21. That while attempting to retighten Plaintiff's right arm restraint, Defendant Worden violently hammered down on Plaintiff's right forearm with a closed fist.

22. That while Defendant Worden hammered down on Plaintiff's right arm, Defendant Jane Doe stood idly by and did nothing to prevent Plaintiff's harm.

23. That after hammering down on Plaintiff's right arm, Defendant Worden grabbed Plaintiff's jaw and tipped Plaintiff backwards in the five-point restraint chair, while Defendant Jane Doe attempted to tighten Plaintiff's right arm restraint.

24. That as Defendant Jane Doe attempted to refasten the right arm restraint, Defendant John Doe entered Plaintiff's cell.

25. That after Defendant John Doe entered Plaintiff's cell, Defendant Worden hammer-punched Plaintiff's right arm eight more times, ultimately knocking Plaintiff backwards to the ground in the restraint chair.

26. That while Defendant Worden continued punching Plaintiff's right arm, Defendant Jane Doe left Plaintiff's cell and did not return.

27. That while Defendant Worden continued punching Plaintiff's right arm, Defendant John Doe attempted to refasten Plaintiff's right arm restraint.

28. That while Defendant Worden continued punching Plaintiff's right arm, Plaintiff yelled out to the Jail's nursing staff for help but did not receive any aid.

29. That after punching Plaintiff's right arm and knocking him backwards, Defendant Worden lifted Plaintiff off of the ground in the restraint chair.

30. That Plaintiff spit in Defendant Worden's direction while being lifted off of the ground in the restraint chair.

31. That in response to Plaintiff's action(s), Defendant Worden violently struck Plaintiff two times across the face, neck, and jaw with his open hand.

32. That Plaintiff then spit in Defendant Worden's direction two more times.

33. That Defendant Worden again responded by striking Plaintiff once in the face, neck, and jaw with his open hand, and three times in the face, neck, and jaw with his closed fist.

34. That while Defendant Worden committed his beating on Plaintiff, Defendant John Doe stood idly by, watched the beating from the corner of Plaintiff's cell, and did nothing to prevent Plaintiff's harm.

35. That Defendant Worden slapped and punched Plaintiff for approximately eleven seconds before Defendant John Doe removed Defendant Worden from Plaintiff's cell.

36. That while Defendant Worden committed his beating on Plaintiff, Plaintiff continuing yelling to Jail staff for assistance but did not receive any aid.

37. That while Defendant Worden committed his beating on Plaintiff, Plaintiff was completely defenseless in the five-point restraint chair.

[*space intentionally left blank*]

## COUNT I: 42 U.S.C. § 1983
### VIOLATION OF 4TH, 8TH & 14TH AMENDMENTS - EXCESSIVE FORCE
### DEFENDANT JEFFERY C. WORDEN

38. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

39. Plaintiff had a Constitutional right under the Fourth Amendment to the United States Constitution not to be subjected to the use of excessive force by Defendant Worden while Plaintiff was detained at the Calhoun County Jail, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law.

40. Plaintiff had a Constitutional right under the Eighth Amendment to the United States Constitution not to be subjected to cruel and unusual punishment by Defendant Worden while Plaintiff was detained at the Calhoun County Jail.

41. That on September 6, 2021, Defendant Worden purposefully, maliciously, and sadistically punched Plaintiff's right arm, face, jaw, and neck while Plaintiff was detained in a five-point restraint chair, completely defenseless, at the Calhoun County Jail.

42. That Defendant Worden's excessive, malicious, and sadistic use of force in punching Plaintiff's arm, face, jaw, and neck was not applied in a good-faith effort to restore discipline.

43. That Plaintiff was unable to defend himself while Defendant Worden punched Plaintiff's right arm, face, jaw, and neck due to the five-point restraint that Plaintiff was in.

44. That the harm inflicted on Plaintiff by Defendant Worden's use of excessive, malicious, and sadistic force was sufficiently serious.

45. That Defendant Worden's excessive, malicious, and sadistic use of force in punching Plaintiff's arm, face, jaw, and neck constitutes an unnecessary and wanton infliction of pain on Plaintiff.

46. That the degree of force used by Defendant Worden while Plaintiff was in the five-point restraint chair was purposeful and objectively unreasonable in light of the circumstances.

47. That the degree of force used by Defendant Worden while Plaintiff was in the five-point restraint was done maliciously, sadistically, and for the purpose of causing Plaintiff harm.

48. That the degree of force used by Defendant Worden violated Plaintiff's rights under the Fourth Amendment, as incorporated by the Fourteenth Amendment to the United States Constitution, and under the Eighth Amendment to the United States Constitution.

49. That at all times relevant to this litigation, Defendant Worden, acting under color of state law, was required to obey the laws of the United States, including those identified and described in the Fourth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, and those identified and described in the Eighth Amendment to the United States Constitution.

50. By violating Plaintiff's Constitutional rights, Defendant Worden's conduct violated 42 U.S.C. § 1983.

51. That by violating Plaintiff's Constitutional rights, Defendant Worden acted intentionally or with deliberate indifference and/or with reckless disregard for Plaintiff's Constitutional rights.

52. That the Constitutional rights which Defendant Worden violated were clearly established at the time Defendant Worden's violations occurred.

53. That a reasonable person in Defendant Worden's position would have understood that his conduct violated Plaintiff's Constitutional rights.

54. That Defendant Worden is therefore not entitled to qualified immunity.

55. By virtue of Defendant Worden's actions, Plaintiff has suffered, and continues to suffer damages including but not limited to:

   a. Head trauma;

   b. Ringing in the ears;

   c. Cuts, abrasions, and/or bruising to the face, jaw, and/or neck;

   d. Physical pain, suffering, and discomfort, past, present, and future;

   e. Mental anguish;

   f. Fright and shock;

   g. Embarrassment, humiliation, and mortification; and

   h. Any and all injuries later discovered or otherwise allowed under Michigan law.

56. By virtue of the Defendant Worden's actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE** Plaintiff, KEIR RASHON WATSON, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant Worden in an amount that is just and fair, and award Plaintiff costs, interest, and attorney fees, as well as punitive, exemplary, or hedonic damages or any other damages available under law.

<u>**COUNT II: 42 U.S.C. § 1983**</u>
**VIOLATION OF 4TH, 8TH & 14TH AMENDMENTS - FAILURE TO INTERVENE**
**DEFENDANTS JANE DOE & JOHN DOE**

57. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

58. Plaintiff had a Constitutional right under the Fourth Amendment to the United States Constitution not to be subjected to excessive force by Defendant Worden while being detained at the Calhoun County Jail, and the right to be protected from Defendant Worden's excessive force by Defendants Jane Joe and John Doe.

59. Plaintiff had a Constitutional right under the Eighth Amendment to the United States Constitution not to be subjected to cruel and unusual punishment by Defendant Jeffery Worden while being detained at the Calhoun County Jail, and to be protected from Defendant Worden's cruel and unusual punishment by Defendants Jane Doe and John Doe.

60. Defendants Jane Doe and John Doe observed Defendant Worden's use of excessive, malicious, and sadistic force against Plaintiff while Plaintiff was detained in a five-point restraint chair at the Calhoun County Jail.

61. Defendants Jane Doe and John Doe had the opportunity and means to stop the harm being done to Plaintiff by Defendant Worden, but failed to intervene to prevent Plaintiff's harm.

62. That the conduct of Defendants Jane Doe and John Doe in failing to prevent the use of excessive, malicious, and sadistic force against Plaintiff, and the failure to prevent Plaintiff's harm constitutes a violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment, and under the Eighth Amendment to the United States Constitution.

63. That on September 6, 2021, Defendant Worden purposefully, maliciously, and sadistically punched Plaintiff's right arm, face, jaw, and neck while Plaintiff was detained in a five-point restraint chair at the Calhoun County Jail.

64. That Plaintiff was unable to defend himself while Defendant Worden punched Plaintiff's right arm, face, jaw, and neck due to the five-point restraints that Plaintiff was in.

65. That the degree of force used by Defendant Worden against Plaintiff while Plaintiff was in the five-point restraint chair was purposeful and objectively unreasonable in light of the circumstances.

66. That the degree of force used against Plaintiff by Defendant Worden while Plaintiff was in the five-point restraint chair was done maliciously, sadistically, and for the purpose of causing Plaintiff harm.

67. That the degree of force used by Defendant Worden violated Plaintiff's rights under the Fourth Amendment, as incorporated by the Fourteenth Amendment to the United States Constitution, and under the Eighth Amendment to the United States Constitution.

68. That Defendants Jane Doe and John Doe directly observed Defendant Worden's use of excessive, malicious, and sadistic force on Plaintiff while inside Plaintiff's cell with Defendant Worden.

69. That Defendants Jane Doe and John Doe had the opportunity and means to prevent Defendant Worden's excessive, malicious, and sadistic use of force on Plaintiff, but despite having the opportunity and means to prevent Plaintiff's harm, failed to intervene and/or act on Plaintiff's behalf.

70. That at all times relevant to this litigation, Defendants Jane Doe and John Doe, acting under color of state law, were required to obey the laws of the United States, including those identified and described in the Fourth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment, and those identified and described in the Eighth Amendment to the United States Constitution.

71. By violating Plaintiff's Constitutional rights, Defendants Jane Doe and John Doe's conduct violated 42 U.S.C. § 1983.

72. That by violating Plaintiff's Constitutional rights, Defendants Jane Doe and John Doe acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's Constitutional rights.

73. That the Constitutional rights which Defendants Jane Doe and John Doe violated were clearly established at the time Defendant Worden's violations occurred.

74. That a reasonable person in Defendant Jane Doe and John Doe's positions would have understood that their conduct violated Plaintiff's Constitutional rights.

75. Defendants Jane Doe and John Doe are therefore not entitled to qualified immunity.

76. That by virtue of Defendants Jane Doe and John Doe's actions or inactions, Plaintiff has suffered, and continues to suffer damages including but not limited to:

   a. Head trauma;

   b. Ringing in the ears;

   c. Cuts, abrasions, and/or bruising to the face, jaw, and/or neck;

   d. Physical pain, suffering, and discomfort, past, present, and future;

   e. Mental anguish;

   f. Fright and shock;

   g. Embarrassment, humiliation, and mortification; and

   h. Any and all injuries later discovered or otherwise allowed under Michigan law.

77. That by virtue of the Defendants Jane Doe and John Doe's actions or inactions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE** Plaintiff, KEIR RASHON WATSON, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants Jane Doe and John

---
Doe in an amount that is just and fair, and award Plaintiff costs, interest, and attorney fees, as well as punitive, exemplary, or hedonic damages or any other damages available under law.

### COUNT III: ASSAULT & BATTERY (STATE LAW CLAIM)
### DEFENDANT JEFFERY C. WORDEN

78. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

79. That the acts committed by Defendant Jeffery Worden against Plaintiff described in this Complaint constitute Assault & Battery actionable under the laws of the State of Michigan.

80. That on September 6, 2021, Defendant Worden committed acts against Plaintiff which caused Plaintiff injury, by specifically and intentionally subjecting Plaintiff to an imminent apprehension of harmful, offensive contact while appearing to have the present ability to accomplish said contact.

81. That on September 6, 2021, Defendant Worden committed acts against Plaintiff which caused Plaintiff injury by specifically and intentionally subjecting Plaintiff to unpermitted, harmful, and offensive contact against Plaintiff's person.

82. That Defendant Worden committed harmful, offensive contact against Plaintiff by hammering and/or punching Plaintiff's arm, face, jaw, and neck.

83. As a direct and proximate cause of Defendant Worden's actions, Plaintiff has suffered, and continues to suffer damages including but not limited to:

    a. Head trauma;

    b. Ringing in the ears;

    c. Cuts, abrasions, and/or bruising to the face, jaw, and/or neck;

    d. Physical pain, suffering, and discomfort, past, present, and future;

    e. Mental anguish;

Doe in an amount that is just and fair, and award Plaintiff costs, interest, and attorney fees, as well as punitive, exemplary, or hedonic damages or any other damages available under law.

### COUNT III: ASSAULT & BATTERY (STATE LAW CLAIM)
### DEFENDANT JEFFERY C. WORDEN

78. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

79. That the acts committed by Defendant Jeffery Worden against Plaintiff described in this Complaint constitute Assault & Battery actionable under the laws of the State of Michigan.

80. That on September 6, 2021, Defendant Worden committed acts against Plaintiff which caused Plaintiff injury, by specifically and intentionally subjecting Plaintiff to an imminent apprehension of harmful, offensive contact while appearing to have the present ability to accomplish said contact.

81. That on September 6, 2021, Defendant Worden committed acts against Plaintiff which caused Plaintiff injury by specifically and intentionally subjecting Plaintiff to unpermitted, harmful, and offensive contact against Plaintiff's person.

82. That Defendant Worden committed harmful, offensive contact against Plaintiff by hammering and/or punching Plaintiff's arm, face, jaw, and neck.

83. As a direct and proximate cause of Defendant Worden's actions, Plaintiff has suffered, and continues to suffer damages including but not limited to:

    a. Head trauma;

    b. Ringing in the ears;

    c. Cuts, abrasions, and/or bruising to the face, jaw, and/or neck;

    d. Physical pain, suffering, and discomfort, past, present, and future;

    e. Mental anguish;

    f.   Fright and shock;

    g.   Embarrassment, humiliation, and mortification; and

    h.   Any and all injuries later discovered or otherwise allowed under Michigan law.

**WHEREFORE** Plaintiff, KEIR RASHON WATSON, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants Jane Doe and John Doe in an amount that is just and fair, and award Plaintiff costs, interest, and attorney fees, as well as punitive, exemplary, or hedonic damages or any other damages available under law.

Respectfully submitted,

*/s/ Andrew P. Abood*
_____
**Andrew P. Abood (P43366)**
Abood Law Firm
Attorneys for Plaintiff, Keir R. Watson
246 East Saginaw Street, Suite 100
East Lansing, Michigan 48823
Ph.: (517) 332-5900
Fax: (517) 332-0700
E: andrew@aboodlaw.com

## PLAINTIFF'S JURY DEMAND

Plaintiff, KEIR RASHON WATSON, by and through his attorneys, Andrew P. Abood and the Abood Law Firm, hereby demands a trial by jury on all claims set forth above.

Respectfully submitted,

/s/ Andrew P. Abood
_____
**Andrew P. Abood (P43366)**
Abood Law Firm
Attorneys for Plaintiff, Keir R. Watson
246 East Saginaw Street, Suite 100
East Lansing, Michigan 48823
Ph.: (517) 332-5900
Fax: (517) 332-0700
E: andrew@aboodlaw.com